SNR ROULEMENTS, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND
FEDERAL-MOGUL CORP. AND TORRINGTON CO., DEFENDANT-INTERVENORS

Court No. 93–08–00489

(Dated January 23, 1998)

*Grunfeld, Desiderio, Lebowitz & Silverman (Bruce M. Mitchell, Jeffrey S. Grimson* and *Philip S. Gallas)* for plaintiffs.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Jeffrey M. Telep);* of counsel: *Thomas H. Fine,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, Department of Commerce, for defendant.
*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, Larry Hampel* and *Joseph A. Perna, V)* for defendant-intervenor Federal-Mogul Corporation.
*Stewart and Stewart (Terence P. Stewart, Wesley K. Caine* and *Lane S. Hurewitz)* for defendant-intervenor The Torrington Company.

## OPINION

TSOUCALAS, *Senior Judge:* Plaintiff, SNR Roulements ("SNR"), moves this Court for judgment on the agency record pursuant to Rule 56.2 of the Rules of this Court. SNR challenges the Department of Commerce, International Trade Administration's ("Commerce") final results of the third administrative review, entitled *Final Results of Antidumping Duty Administrative Reviews and Revocation in Part of an Antidumping Duty Order,* 58 Fed. Reg. 39,729 (July 26, 1993) *("Final Results").*

## BACKGROUND

The administrative review at issue encompasses imports of antifriction bearings during the review period, May 1, 1991 through April 30, 1992. *See Final Results,* 58 Fed. Reg. at 39,729. On April 27, 1993, Commerce published the preliminary results of the instant review. *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; Preliminary Results of Antidumping Duty Administrative Reviews and Partial Termination of Administrative Reviews,* 58 Fed. Reg. 25,606. On July 26, 1993, Commerce published the Final Results at issue. *See Final Results,* 58 Fed. Reg. at 39,729.

SNR claims Commerce erred in its calculation of U.S. price and foreign market value ("FMV") by deducting direct selling expenses in-

curred in the United States from U.S. price rather than adding such expenses to FMV.

## DISCUSSION

The Court has jurisdiction over this matter under 19 U.S.C. § 1516a(a)(2) (1994) and 28 U.S.C. § 1581(c) (1994).

The Court must uphold Commerce's final determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It is not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States*, 12 CIT 955, 962, 699 F. Supp. 300, 306 (1988), *aff'd*, 894 F.2d 385 (Fed. Cir. 1990).

Commerce deducted direct expenses incurred in the United States from U.S. price in exporter's sales price ("ESP") sales pursuant to 19 U.S.C. § 1677a(e)(2) (1988). Section 1677a(e)(2) states that Commerce is to reduce ESP by the amount, if any, of "expenses generally incurred by or for the account of the exporter in the United States in selling identical or substantially identical merchandise." Plaintiff argues that Commerce should have added the expenses at issue to FMV. According to SNR, Commerce improperly has continued to apply section 1677a(e)(2) to indirect *and* direct selling expenses although the Court of Appeals for the Federal Circuit ("CAFC") has interpreted that section to refer exclusively to indirect selling expenses. SNR's Mem. Supp. Mot. J. Agency R. at 4–6.

The CAFC determined that Commerce may deduct direct selling expenses incurred in the United States from ESP pursuant to section 1677a(e)(2) just days after SNR filed their motion in this case. *See Koyo Seiko Co. v. United States*, 36 F.3d 1565 (Fed. Cir. 1994). In that case, the CAFC first found that the plain language of section 1677a(e)(2) was not dispositive. The court then concluded that Commerce's treatment of U.S. direct selling expenses was reasonable, as it "evidences an attempt to make mirror-image adjustments to foreign market value and exporter's sales price so that they can be fairly compared at the same point in the chain of commerce." *Koyo Seiko*, 36 F.3d at 1573; *see also NTN Bearing Corp. of Am. v. United States*, 19 CIT 1221, 1225, 905 F. Supp. 1083, 1088 (1995); *NTN Bearing Corp. of Am. v. United States*, 19 CIT 1165, 1169, 903 F. Supp. 62, 66 (1995).

CONCLUSION

Commerce's decision to adjust ESP by deducting certain direct selling expenses incurred in the United States is supported by substantial evidence and is, therefore, affirmed. Commerce is sustained as to all other issues.